SPARK HOTEL CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7761.   Decided October 26, 1926.

The petitioner was not a personal service corporation within section 200 of the Revenue Act of 1918.

*Arnold Markel, C. P. A.*, for the petitioner.
*J. F. Greaney, Esq.*, and *J. Arthur Adams, Esq.*, for the respondent.

This appeal was submitted to the Board upon petition and answer, and a stipulation of the facts. There was no oral hearing or argument, and no briefs were filed. The taxes in controversy are income

and excess-profits taxes for the calendar year 1919 in the amount of $1,355.74. The single question involved is whether the petitioner was, during the period in question, a personal service corporation, as defined in section 200 of the Revenue Act of 1918.

### FINDINGS OF FACT.

The petitioner was incorporated in the State of New York on June 3, 1913. Its principal office is at 182 St. Nicholas Avenue, New York, N. Y. The authorized capital stock of the corporation, all of which is issued and outstanding, consists of 50 shares of common stock, each share having a par value of $100. In 1919, Morris Spark owned one share and Annie Spark, his wife, owned the remaining 49 shares. Annie Spark was president and Morris Spark was secretary and treasurer. The directors were Annie Spark, Morris Spark and Jacob Spark. The corporation operated two hotels: The Grampion Hotel, New York, N. Y., a seven-story brick building containing 100 rooms, open all year, rooms rented by the day, month or year on the European plan, without meals; the La Reine Hotel, at Bradley Beach, N. J., a four-story frame building containing 120 rooms, open from June 15 to September 15, rooms rented by the day, week or season on the American plan, including meals. The former was operated on a leasehold, running for five years at an annual rental of $9,000, expiring in 1921. The latter was operated on a leasehold running for three years at an annual rental of $9,000, expiring in 1920. Additional rooms and cottages to take care of the overflow guests were rented at Bradley Beach, N. J., in 1919, for $2,608.50.

Morris Spark spent his entire time in personally supervising the rooms and desk service. Annie Spark had charge of the dining room and kitchen, and spent all of her time in personally supervising the dining room and the purchase and preparation of all foods.

Employees of the company other than Morris Spark and Annie Spark were as follows:

Grampion Hotel:
    4 maids.
    2 elevator men.
    1 engineer.

La Reine Hotel:
    20 waitresses.
    10 kitchen help.
    8 chamber-maids.
    5 bell-boys and porters.
    2 desk clerks.

The details of operations during the year 1919 were as follows:

INCOME:

| | |
|---|---:|
| Room and board | $103, 243. 50 |
| Cigar stand income | 1, 732. 90 |
| Miscellaneous income from concessions | 952. 18 |
| Total income | 105, 928. 58 |

57694°—27——16

Total income_____ $105,928.58
EXPENSES:
    Salaries and wages_____ $21,103.58
    Provisions_____ 25,233.00
    Restaurant_____ 622.69
    Cigar stand_____ 1,254.82
    Coal _____ 2,835.65
    Light_____ 1,669.85
    Laundry _____ 1,144.48
    Furnishings _____ 2,878.15
    Advertising_____ 52.50
    Postage_____ 54.69
    Stationery and printing_____ 322.19
    Freight and express_____ 227.62
    Miscellaneous supplies_____ 1,498.52
    Telephone _____ 724.60
    General expense_____ 1,337.32
    Rent_____ 20,608.50
    Insurance _____ 151.85
    Water_____ 281.67
    Officers' salaries_____ 12,000.00
    Repairs _____ 4,274.41
    Bad debts _____ 140.93
                                         _____
        Total expenses_____  98,417.02
                                                        _____
        Net taxable income as shown in deficiency letter_  7,511.56

The balance sheets at the beginning and end of 1919 were as follows:

*January 1, 1919.*

ASSETS:
    Cash_____ $5,334.47
    Loans_____ 1,268.91
    Deposits_____ 819.78
    Due from guests_____ 61.48
    Furniture and fixtures_____ 2,500.00
                                                          _____
                                                                      $9,984.64
LIABILITIES:
    Accounts payable_____ 1,877.26
    Rent accrued_____ 1,875.00
    M. Spark_____ 1,623.53
                                                          _____
                                                                      5,375.79

CAPITAL:
    Capital stock_____ 5,000.00
    Deficit _____ 391.15
                                                          _____
                                                                      4,608.85
*December 31, 1919.*
ASSETS:
    Cash_____ $1,713.04
    Loans_____ 1,112.85
    Deposits _____ 819.78
    Furniture and fixtures_____ 2,500.00
    M. Spark_____ 9,754.36
                                                          _____
                                                                      15,900.03

LIABILITIES:

| | |
|---|---:|
| Accounts payable | $108.99 |
| Rent accrued | 1,875.00 |
| Salaries accrued | 1,771.40 |
| | $3,755.39 |

CAPITAL:

| | |
|---|---:|
| Capital stock | 5,000.00 |
| Surplus | 7,144.64 |
| | 12,144.64 |

### OPINION.

MURDOCK: If any corporation operating a hotel fulfills the requirements of a personal service corporation, as defined in section 200 of the Revenue Act of 1918, it is most exceptional, but certainly the present petitioner fails to fulfill those requirements. *Appeal of Newam Theatre Corporation*, 1 B. T. A. 887; *Mountain View Sanitarium Co.*, 2 B. T. A. 417; *Cotton Hotel Co.* v. *Bass*, 7 Fed. (2d) 900.

> *Judgment will be entered for the Commissioner.*